UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHNSON FOODS AND  　　　　　　　　　　　　CIVIL ACTION
RESTAURANT, LLC

VERSUS  　　　　　　　　　　　　　　　　　　NO: 06-3950

BROWN FERRIS INDUSTRIES  　　　　　　　　SECTION: J (1)

### ORDER REMANDING CASE

Following its review of the Notice of Removal and state court petition in this case, the Court ordered counsel to submit documentation to substantiate or refute that the amount in controversy in this matter exceeds $75,000.00.  (Rec. Doc. 3).

Consistent with Louisiana law, Plaintiff's petition does not specify the monetary value of his damages claim, and on its face the petition does not provide sufficient information to infer what amount of damages is reasonably at issue.  LA. CODE CIV. PROC. ANN. art. 893.

While Defendant's Notice of Removal states in a conclusory fashion that "the jurisdictional amount of $75,000.00 is met in light of the claimed damages," no facts are alleged in support of this contention.  Further, in Defendant's Memorandum in Response

to Court's Order Dated August 2, 2006 (Rec. Doc. 4), Defendant admits that it has no specific proof or documentation to support its contention that the amount in controversy is satisfied.

In this situation, the removing defendant has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.  De Aguilar v. Boeing Co., 11 F.3d 55, 58 (5th Cir. 1993).  It may do so by one of two methods: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the **facts** in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount."  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999)(internal quotations omitted; emphasis in original), see also, Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999).  Here, Defendant has done neither and, accordingly, has failed to meet its burden.

In view of this, the Court can only conclude the amount in controversy required for federal jurisdiction is not met.[1]  Accordingly,

**IT IS ORDERED** that this matter should be and is hereby

---

[1] The Court recognizes that Plaintiff has not formally moved for remand.  However, "federal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte," and even in the absence of Plaintiff's motion, the Court would have inquired into jurisdiction in this case and remanded based on the record. See, Union Planters Bank Nat. Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004).

**REMANDED** to Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, this __17th__ day of August, 2006.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE